IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY JONES** | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **NRA GROUP, LLC, d/b/a** | ) | **JURY TRIAL DEMANDED** |
| **NATIONAL RECOVERY AGENCY** | ) | |
| and | ) | |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC** | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer Timothy Jones against Defendants for violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Timothy Jones is an adult individual residing in Moscow Mills, MO.

5.  Defendant NRA Group, LLC, ("NRA") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, operates under the name National Recovery Agency, and which has a principle place of business located at 2491 Paxton Street, Harrisburg, PA

17111. The principal purpose of NRA is the collection of debts already in default using the mail and telephone, and NRA regularly attempts to collect said debts.

6. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ 08054.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least May 2016 through present.

8. The inaccurate information includes, but is not limited to a collection account with NRA reporting with an unsatisfied balance, even though the underlying account was previously discharged in bankruptcy.

9. At all pertinent times hereto, NRA was hired to collect a debt originally owed to an electric utility company (the "debt").

10. The debt at issue arose out of transactions which were primarily for personal, family or household purposes.

11. In addition to reporting the debt to Equifax, NRA attempted to collect the debt from Plaintiff through written and oral communications.

12. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of an account and/or tradeline that does not accurately reflect the balance and status of that account.

13. Equifax has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

14. Plaintiff has disputed the inaccurate information with Equifax's representatives and by following Equifax's established procedures for disputing consumer credit information.

15. Plaintiff has disputed the inaccurate information with Equifax from at least May 2017 through the present.

16. Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least May 2017 through the present.

17. Despite Plaintiff's efforts Equifax has never: (1) reviewed the publicly available court records showing that the debt was discharged in bankruptcy; (2) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (3) contacted any third parties that would have relevant information concerning Plaintiff's disputes; and (4) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information.

18. Notwithstanding Plaintiff's disputes, NRA has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and upon NRA's conclusion of an ineffective investigation, it has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as being discharged and disputed.

19. Independent from his dispute to Equifax, Plaintiff has also disputed the debt with NRA, both verbally and in writing.

20. Notwithstanding the foregoing, in 2016, NRA began reporting the discharged debt to the credit reporting agencies as if it had not been discharged. Despite Plaintiff's repeated requests, NRA refused to correct the inaccuracy in its reporting to reflect the fact that the debt had been discharged.

21. NRA acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

22. NRA acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

23. NRA acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

25. Defendants knew or should have known that their actions violated the FCRA and FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

27. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein

### COUNT ONE – VIOLATIONS OF THE FCRA
### (PLAINTIFF v. NRA)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto NRA was a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. At all times pertinent hereto NRA was a "furnisher of credit information" as contemplated by 15 U.S.C. § 1681s-2(b).

31. NRA violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

32. NRA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result NRA is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

### COUNT TWO – VIOLATIONS OF THE FDCPA
### (PLAINTIFF v. NRA)

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. NRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. The above reporting of the inaccurate information to credit reporting agencies by NRA are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

37. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

38. NRA violated the FDCPA. Berks Credit's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    (a) Using false and misleading representations in connection with the collection of a debt;

    (b) Falsely representation of the amount, character or legal status of a debt;

    (c) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to mark the debt as disputed;

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff; and

    (e) Using unfair and unconscionable means in an attempt to collect a debt.

39. NRA's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

40. As a result of the above violations of the FDCPA, NRA is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT THREE – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. EQUIFAX)

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

43. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

44. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

45. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

46. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

47. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
ALEXIS I. LEHMANN, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: October 3, 2017                         *Attorneys for Plaintiff*